Good morning everyone and welcome to the Ninth Circuit. Judge Tallman and I are happy to welcome Judge Stephen Boo from the District Court for the Western District of Missouri. We'll call the cases in the order on the day sheet and the first case for argument is United States v. Pimentel-Lopez. I would like to reserve two minutes for rebuttal. Please watch the clock. As of 15 days of a sentence with the agreed-upon guideline range of 51 to 63 months. The 126 month sentence followed by 10 years supervised release imposed by the District Court on remand from this court's prior decision represents an extreme upward variance to twice the high end of the guideline range. Well, Judge Haddon ran the sentences consecutive but sentenced him at the top end of the guideline range on each of the two counts of conviction. That's true, Judge, but as you know the overall reasonableness review considers the whole sentence. So you're not challenging the procedural aspects of the computation of the guidelines, you're just attacking the reasonableness of the sentence. I'm challenging the procedural unreasonableness of the sentence because in arriving at that... Well, there's no such thing as procedural unreasonableness. That goes to the substantive reasonableness of the sentence. So what did the District Court do wrong in terms of its computation of the guideline? It didn't do anything wrong in computation of the guideline. So you don't challenge the procedural aspect? I challenge the procedure that was used based upon reliance on facts that were not in the record. Clearly erroneous facts such as the fact that my client did not, that he failed to appear for deportation proceedings, that he had two prior convictions that had failed to deter him. It's my understanding based on United States v. Cardi... Well, he did have two prior marijuana trafficking convictions on the date that he was sentenced for this offense, is that right? That is true, Judge. But the reason for the government asked for an upward variance is because it argued that his prior convictions had failed to deter him from future unlawful activity. He didn't use... the court actually didn't reference deter. That was the government's argument, isn't that right? When I read the transcript, the District Court noted the two prior convictions, but didn't reference anything about deterrence. Well, I don't recall that specifically being in the record, but I know that that is a reason for, that the government, one of the reasons the government requested an extreme upward variance and, you know, the District Court obviously relied on the statements made by the government. But it was true, he did have the two prior convictions. He did, but it was not true that those prior convictions had failed to deter him. But that was the government's argument, not what the court's finding. Okay, well there's other facts that were relied upon that weren't in the record as well. The problem I'm having with your argument is, in reading the transcript of the sentencing, it appeared to me that what was of most concern to the court was the quantity of narcotic, the methamphetamine, that this drug trafficking organization was responsible for distributing in the Butte area. And that gets, I thought that was the thrust of your written arguments, that basically the court exaggerated the amount that was attributable in violation of the mandate from our prior remand. Did I understand your argument? You are absolutely correct, Judge. I have three independent bases why you can reverse the District Court's decision and remand to a new judge for resentencing. The mandate is exactly right. The mandate of this court could not have been clearer. I understand that the two of you may not have necessarily agreed with that prior decision, but it is the law of the case. Well, that's why I asked you about the procedural computation, because it appeared to me that the District Court honored the mandate by capping the quantity that was attributable to your distribute of less than 50 grams, which is what drove the total offense score. But where I have a problem with your argument is the District Court focused upon relevant conduct of the drug trafficking conspiracy, which your client clearly was a member of, and I don't think you're you're challenging that. And the court's concerned that your client was the source of supply, and that this particular conspiracy involved multi-kilo quantities of methamphetamine. So in light of our case law that says that even acquitted conduct can be considered as relevant conduct, and then the Pinkerton theory that establishes for all acts of co-conspirators that are reasonably foreseeable at the time the defendant joins the conspiracy, how did the District Court err in considering that evidence? There's a couple things there, and I'll try to hit them. As I read the prior opinion, it's based on, it's not based upon, the court did not say, Judge, you can't calculate the guidelines based upon the drug amounts that were rejected by the jury. What the court said, what this court said it remanded with the specific instructions that the defendant be resentenced on the premise that his crimes involved less than 50 grams of drugs. I mean, that's a specific instruction. But the court did that. I mean, I have to say our prior panel opinion is not very clear on this point, but the court did that with regard to the computation of the guideline offense level for both counts, but then it departed based upon, or it decided to impose consecutive sentences, I guess would be the more accurate way to put it, based upon the total activity that the conspiracy generated. As I read that opinion, that was not allowed. I thought the court said, the prior panel said, the District Court may, of course, depart upward from the sentencing range generated by the jury's findings, so clearly understood that the District Court retained its discretion to consider other factors. Other factors other than the amount of drugs. That was specifically attributable to him, whereas the District Court was considering the amount in the undertaking, I think was the word the District Court used. Again, I look at the opinion and I see that this court instructed the court that he be sentenced on the specific premise that his crimes not exceed 50 grams of drugs, and the District Court did not do that. The District Court sentenced based upon substantial amounts of methamphetamine. But I'd like to go to one other thing. How can you make that argument in the face of the 50 gram limitation driving the quantity in the computation as to both counts? That's where you're losing me on your argument. This panel did not instruct the court how to calculate the guidelines. But you agree that he did calculate the guideline range based on less than 50 grams of methamphetamine, do you not? I do agree that he, I'm not saying he didn't calculate the guideline correctly. I'm basically saying the overall sentence is in violation of the mandate, where it was specifically said that he's supposed to be resentenced on the premise that his crimes did not exceed 50 grams. Well, I guess maybe the problem we're having is we're not reading the prior panel mandate or opinion the same way you are. I read that to mean the District Court must compute the total offense level using no more than less than 50 grams, which is what the District Court did. I think what you're saying is that that prior panel opinion should be read more broadly to say even under relevant conduct the District Court was forbidden from considering the total amount of drugs that were distributed throughout the period of the conspiracy if they were otherwise reasonably foreseeable to your client. And I just don't read the panel opinion to preclude the District Judge from doing that. That's exactly what I'm saying. The opinion was broad. It's based on the Sixth Amendment. And, you know, 50 grams, that's what the sentence should be based on. Of course, there would be other reasons and other ways for the court to vary upward, but there aren't any such facts in the record. Are you challenging the amounts that were attributable to the other co-conspirators that are set forth in the pre-sentence report? Not as to them, but all those defendants pleaded guilty. So if this defendant was the source of supply, and if you don't challenge the quantities, which are multi-kilo quantities, attributable to the co-conspirators, where's the beef here? The beef was that the jury specifically found that he was not a, he was not the source of supplies for the conspiracy. No, the jury convicted him as a co-conspirator. We can't tell from the verdict whether the jury thought he was the kingpin, distributor. The government certainly argued he was the source of supply, and there was testimony in the record to support that factual conclusion, was there not? Not that, there's the jury verdict, there's no way the jury could have found its verdict if it didn't believe that testimony. There's no way that, there's no way for a jury verdict of less than 50 grams. Well, I agree with you. I'm at a loss to understand, in the face of the evidence that the jury heard, how they arrived at less than 50 grams attributable to your client, but, and I guess we're back, we're sort of arguing around and around here, because we do read the panel opinion differently than I think you do. Well, there's, there's other bases. You're actually over time, but we'll give you a minute for rebuttal. Okay, thank you. Appreciate that. Good morning, your honors. Zeno Bacchus, U.S. Attorney's Office from Billings, Montana, on behalf of the United States. The district court did not violate the expressed terms nor the spirit of the mandate when it resentenced Pimentel Lopez in October of last year. It did not make a drug quantity finding contrary to the jury's determination. In fact, the question presented in the June 2017 amended opinion from this court was whether a district court was entitled to make a drug quantity finding in excess of that found by the jury in its special jury verdict form. Judge Haddon did not violate that mandate. On resentencing, he correctly calculated the guideline range based on zero to 50 grams of methamphetamine resulting in 51 to 63 months of incarceration. He did not make a finding there in excess of the jury verdict form, and then he moved on to 3553 as is required to, and despite selective passages pulled by the appellant in his briefing, did not make a drug quantity finding that's contrary to jury verdict form and analyze an imposing sentence under 3553. The court was, though, concerned about the amount of drugs that were involved in the undertaking and the substantial amounts that code defendants were responsible for, and so was clearly contemplating that a defendant here was involved in a project or an enterprise that involved a great, a large quantity of drugs. Now did the court consider that large quantity of drugs given the jury's finding that the defendant himself could not be held accountable for more than 49 grams? I think, Your Honor, in that section of the sentencing transcript, ER 23, the district judge is talking about disparities in the sentencing, and Your Honor is absolutely right. He's going through the other sentences imposed and the drug quantity amounts attributable to those defendants, and I think in part that is to talk about the size of the conspiracy, but he is not making a drug quantity finding as did Pimentel-Lopez in excess of 50 grams. In fact, at that same page, he says that he accepts the pronouncements of the Ninth Circuit with respect to drug quantity findings in this case. He talks about how the record would support the fact that large amounts of methamphetamine were involved in this conspiracy, but that is not the same as actually making a drug finding. It's our position, Your Honor, he was entitled to consider relevant conduct. On the previous discussion, you're right, there is a passage from the prior opinion how a court may depart upwards from a sentencing range as generated by the jury's findings as a drug amount. It's important to look at the prior sentence to that passage, and that's at page 1142 of the amended opinion. The prior sentence is a question expressly raised by the circuit as to whether a district court judge is always precluded from sentencing essentially within a 0 to 50 range if that's the jury verdict's finding. That is, can a district court judge make a sentence for an amount greater than that? Next sentence, a district court judge, of course, may depart upward based on a jury's finding as to drug amount. And while Your Honors are exactly right, this isn't an upward departure. It was a consecutive sentence on the high end of the guideline range. But the district court was more than entitled to make a proper finding pursuant to the mandate as to a specific drug finding amount, and then consider relevant conduct and following the factors under 3553, consistent with its general sentencing authority, pronouncements from the Supreme Court, the circuit, obviously Watts is applicable, and making a finding that a 63-month consecutive sentence was sufficient but not greater than necessary in this case. There's a lot of information contained in the PSR, Your Honor, that was not objected to as sentencing. Information related to the defendant's role in the conspiracy, how he was the driver of the conspiracy, how he was the supplier of the conspiracy. It's easy to kind of go back and say that drug amount is really the only thing that a court should look at in sentencing a drug conspiracy. But that's not the case. We don't often sentence drug mules, for example, who receive or attributed to higher amounts of methamphetamine the same amount, same sentence as the drug kingpin, who may have, for drug quantity findings, a lower amount. You have to look at the totality of the circumstances. You have to look at the holistic view of the conspiracy and the defendant's role in it, I would contend, when resentencing Pimentel Lopez in October of last year. And that is what the district court did. The panel noted his prior convictions. That's exactly right. He had two prior felonies at the time he was sentenced. Drug trafficking felonies. One was, I think, for 2.35 kilograms of marijuana. There is the ample information contained in the PSR as to his role in the conspiracy. There's information that was not objected to. So I think there's ample evidence to support a high-end guideline-range sentence, albeit run consecutively, with respect to this sentence here. Any questions from the panel? Apparently not. Thank you very much. Thank you. Thank you. To your question about the procedural unreasonableness, perhaps I misspoke. What I'm talking about is a procedural error about relying on facts that are not of record. Cardi, at page 993, says it's automatic reversal to rely on a fact that's not of record. Here we had... Well, the question, though, is with regard to the error in connection with the failure to appear for the deportation proceeding, even if that was error, clearly what was animating the district judge was the scope of the drug trafficking activities that were before it. And even if he erroneously considered that, to me, that appears to be harmless error. Well, then we also have the fact that, again, the government's asking for upward variance. What you're really quarreling with is the district court's decision to string the two sentences consecutively. However you want to phrase it, judge. We're looking at the total sentence. I mean, it looks to me that what the district court did was look at the remand mandate and say, okay, I have to compute the range based on less than 50 grams. And he did that. And then, in order to address what the court thought was the seriousness of the defendant's conduct and his role in the conspiracy, he decided to run the sentences consecutive in order to arrive at a sentence that was roughly half what he had previously sentenced him to. That's sort of how I read the record. Is that fair? I go back to the instruction that... The instructions that defendant be resentenced based upon the premise that his crimes involved less than 50 grams of drugs. But the panel didn't say you can't impose a consecutive sentence. And that's what he did. He stayed within the range. I mean, it's a clever way to sort of work around the mandate, but I don't think it violates the terms of the mandate. If the court otherwise retains its discretion in imposing or fashioning an appropriate sentence. I would just go back then that I don't understand the purpose of the panel's prior opinion if that were the case. Well, it clearly resulted in a lower sentencing range. Because the first time around, the range was much higher, was it not? Because he attributed, what, 4.5 kilograms to your client? That's correct. And I would argue that he did again this time. Except for not just on the guideline. Okay. We thank both parties for their argument. In the case of the United States versus Pimentel-Lopez is
judges: Tallman, Ikuta, Bough